IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

WILLIAM T. BUSICK                                                      PLAINTIFF

VS.                                                 CIVIL ACTION NO. 3:07cv693-HTW-JCS

RUFUS R. BURKES, JR., et al.                                   DEFENDANTS

## REPORT AND RECOMMENDATION

This section 1983 cause is before the court the motion of Defendants Rufus Burks (Burks) and Gillis Brown (Brown) for summary judgment and the cross-motion for summary judgment filed by Plaintiff. Having considered the motions, the court concludes that they should be denied.

The only remaining claim in this action is one for excessive force brought against Defendants Burks, Brown, and John Doe Waites.[1] Defendants Burks and Brown argue that they are entitled to summary judgment on two bases: That the statute of limitations has run on Plaintiff's claim, and that there is no genuine issue as to whether the degree of force used by Burks and Brown during the incident at issue was excessive.

All parties agree that Mississippi's three-year statute of limitations for personal injury actions, Miss. Code Ann. § 15-1-49, applies to Plaintiff's excessive force claims. The incident which is the basis of these claims occurred on November 23 or 24, 2004. Plaintiff's complaint was received and docketed by this court on November 27, 2007. Thus, by Defendants' calculations, Plaintiff's complaint was filed at least three days too late.

---

[1] All other claims were dismissed by order dated June 19, 2009. Additionally, Defendant Lou Glasper was dismissed by order dated July 31, 2009.

Under the "mailbox rule," a prisoner's *pro se* complaint is deemed filed as of the date it is submitted to prison authorities for mailing to the court. *Cooper v. Brookshire*, 70 F.3d 377 (5th Cir. 1995). The signature of Plaintiff's complaint is dated November 12, 2007. In his sworn response to Defendants' motion, Plaintiff states that he initially submitted his complaint to the Inmate Legal Assistance Program personnel on November 13, 2007 for mailing by them. According to Plaintiff, it was returned to him by this court because of his failure to include a required form; he received the returned complaint, along with the form, on November 19, 2007. Thereafter he submitted the completed form, along with the complaint, presumably to the Inmate Legal Assistance Program employees, for mailing to the court; he does not state on what date this second submission was made. Defendants have come forward with no evidence to counter Plaintiff's statements. The undersigned concludes that, given the uncertainty as to exactly why Plaintiff's initial complaint was rejected for filing, the better approach is to apply the mailbox rule to Plaintiff's initial submission of the complaint for mailing. Thus, his complaint was filed, for purposes of applying the statute of limitations, on November 13, 2004. Because Plaintiff filed his complaint within three years of the accrual of his cause of action, the undersigned concludes that Defendants are not entitled to summary judgment on their limitations argument.

The undersigned also concludes that neither party is entitled to summary judgment on the merits of the excessive force claim. In his sworn statements, Plaintiff contends that during a prison shakedown, Defendant Burks struck him across the chest, twisted his leg and foot and, with the assistance of the other two defendants, choked him until he was unconscious. Defendants' evidence, on the other hand, indicates that during the

shakedown Plaintiff became disruptive, Burks perceived a threat to himself from Busick, and applied an ankle lock and a neck and throat lock to Plaintiff in order to subdue him. These two competing versions of events create a factual issue as to the reasonableness under the circumstances of the force used by Defendants.

For these reasons, the undersigned recommends that the parties' motions for summary judgment be denied. The parties are hereby notified that failure to file written objections to the findings and recommendations contained in this report within ten days of being served with a copy hereof will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. 636; *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 13th day of October, 2009.

/s/ James C. Sumner  
UNITED STATES MAGISTRATE JUDGE